25CA0871 Peo in Interest of Bates 07-24-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0871
Pueblo County District Court No. 24MH30112
Honorable Kelle Thomas, Magistrate

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of William Bates,

Respondent-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE YUN
Tow and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 24, 2025

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1 William Bates appeals a district court magistrate's order authorizing staff at the Colorado Mental Health Hospital in Pueblo (the hospital) to involuntarily medicate him. We affirm.

## I. Background

¶ 2 Bates suffers from schizoaffective disorder. He was admitted to the hospital after being found incompetent to proceed in a criminal case. A district court authorized involuntary treatment, and a division of this court affirmed the court's order, which expired in early May 2025.

¶ 3 In late April 2025, Dr. Paul Mattox, the hospital psychiatrist responsible for Bates's care and treatment, met with Bates. Dr. Mattox noted that, as a result of the initial course of involuntary medications, Bates had not been physically aggressive, his psychotic symptoms had decreased, and he had progressed to a less restrictive unit. Although Bates knew that he was taking valproic acid (Depakote), he was unaware that he was taking olanzapine (Zyprexa). Dr. Mattox sought an order authorizing the continued involuntary administration of these two medications based on his belief that it was unlikely Bates would voluntarily consent to the medications given his history of medication refusal.

¶ 4     The People filed a petition seeking authorization to continue to involuntarily medicate Bates with Depakote and Zyprexa. Consistent with *People v. Medina*, 705 P.2d 961 (Colo. 1985), the petition asserted that (1) Bates is incapable of effectively participating in decisions affecting his health and treatment; (2) the requested treatment is necessary to prevent a significant and likely long-term deterioration in his mental health condition or to prevent the likelihood of him causing serious harm to himself or others; (3) a less intrusive treatment alternative is not available; and (4) Bates's need for treatment is sufficient to override any bona fide and legitimate interest he has in refusing treatment.

¶ 5     After a hearing, at which both Dr. Mattox and Bates testified, a district court magistrate granted the petition, finding that the People had proved all four *Medina* elements by clear and convincing evidence.

## II.     Standard of Review

¶ 6     When, as here, a patient challenges the sufficiency of the evidence supporting an involuntary medication order, we review the district court's legal conclusions de novo but defer to its factual findings if they have record support. *People v. Marquardt*, 2016 CO

4, ¶ 8. We view the evidence as a whole and in the light most favorable to the petitioning party, leaving the resolution of testimonial conflicts and the determination of witness credibility solely to the fact finder. *People in Interest of Uwayezuk*, 2023 COA 69, ¶ 57; *People in Interest of R.C.*, 2019 COA 99M, ¶ 7. As the fact finder, the district court determines the sufficiency, probative effect, and weight of the evidence, along with the inferences and conclusions to be drawn therefrom. *R.C.*, ¶ 7.

### III. Discussion

¶ 7 A court may order the involuntary administration of medication to a patient only if the People prove, by clear and convincing evidence, each of the four elements outlined in *Medina*. *Medina*, 705 P.2d at 973. Bates does not contest the second, third, or fourth *Medina* elements. He contends only that the evidence presented at the hearing was insufficient to prove the first element. We are not persuaded.

¶ 8 The first *Medina* element requires a court to determine whether the patient is incompetent to effectively participate in the relevant treatment decision. *Id.* A court may not order the forced medication of an involuntarily committed patient unless it is

3

satisfied that the patient's mental illness has so impaired his judgment as to render him incapable of participating in decisions affecting his health. *Id.*

¶ 9 Dr. Mattox offered his expert opinion that, although Bates has "some" insight into his mental illness, his lack of insight into his need for medication treatment makes him incapable of effectively participating in decisions about his health, including whether psychiatric medications are needed. Dr. Mattox noted that, when he met with Bates, Bates acknowledged being diagnosed with schizoaffective disorder but stated that he believes he does not need the requested medications to maintain stability. To the contrary, Dr. Mattox testified, Bates indeed needs these medications, and without them, he will suffer a significant and likely long-term deterioration of his mental condition — namely, he will become psychotic and manic.

¶ 10 The magistrate credited Dr. Mattox's testimony and adopted the doctor's opinions. *See People v. Pflugbeil*, 834 P.2d 843, 846-47 (Colo. App. 1992) (physician's testimony alone may constitute clear and convincing evidence). Nonetheless, Bates asserts that Dr. Mattox's testimony was insufficient because "the first *Medina*

4

element cannot hinge on whether the patient agrees that he needs medication." But, as the magistrate noted, Bates's own testimony reflected a lack of understanding that he needs the requested medications to control the symptoms of his mental illness. During the hearing, Bates initially denied that his mental illness required any medication, instead stating that he preferred to be treated with therapy. He then said he wished to be treated with twenty-five milligrams of Thorazine.

¶ 11 Yet Dr. Mattox testified that this dosage of Thorazine was "an extraordinarily low dose" and would not have any antipsychotic or persisting mood stabilizing effect. If Bates ceased taking Depakote and Zyprexa in favor of such a regimen, Dr. Mattox opined, he would become psychotic and manic.

¶ 12 Given Bates's lack of insight into his need for the requested medications and the severity of his illness, in combination with the weight the magistrate placed on Dr. Mattox's credibility, we cannot conclude that the evidence was insufficient to support the determination that Bates is incompetent to effectively participate in the relevant treatment decision.

## IV. Disposition

¶ 13    The order is affirmed.

JUDGE TOW and JUDGE SULLIVAN concur.